JS-6

1  J. Andrew Coombs (SBN 123881)
   *andy@coombspc.com*
2  Annie S. Wang (SBN 243027)
   *annie@coombspc.com*
3  J. Andrew Coombs, A P.C.
   517 East Wilson Avenue, Suite 202
4  Glendale, California  91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Attorneys for Plaintiff Sanrio, Inc.

7
   John Karl Buche (SBN 239477)
8  *jbuche@buchelaw.com*
   Lindsay D. Molnar (SBN 275156)
9  *lmolnar@buchelaw.com*
   Buche & Associates, P.C.
10 2001 Wilshire Blvd., Suite 210
   Santa Monica, California 90403
11 Telephone:  (310) 593-4193
   Facsimile:   (858) 459-9120
12
   Attorneys for Defendant Jump For Fun, Inc.,
13 d/b/a Jump For Fun a/k/a Jump For Fun California

14
                 UNITED STATES DISTRICT COURT
15
                 CENTRAL DISTRICT OF CALIFORNIA
16

17 Sanrio, Inc.,                    ) Case No. CV12-07352 MMM (JCGx)
                                    )
18                 Plaintiff,       ) [~~PROPOSED~~] CONSENT DECREE
                                    ) PURSUANT TO STIPULATION
19      v.                          )
                                    )
20                                  )
   Jump For Fun, Inc. d/b/a Jump For Fun )
21 a/k/a Jump For Fun California, et al., )
                                    )
22                 Defendants.      )
                                    )
23 _____)

24
25      The Court, having read and considered the Joint Stipulation for Entry of
26 Consent Decree that has been executed on behalf of Plaintiff Sanrio, Inc. ("Plaintiff"),
27 on the one hand, and Defendant Jump For Fun, Inc. d/b/a Jump For Fun a/k/a Jump
28

Sanrio v. Jump For Fun: Stipulated Consent Decree         - 1 -

For Fun California ("Defendant"), on the other hand, and good cause appearing therefore, hereby:

ORDERS that this Consent Decree shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 et seq., 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367.

2) Plaintiff alleges that it is the exclusive licensee of all rights in and to certain intellectual property listed in Exhibit "A," attached hereto and incorporated herein by this reference ("Plaintiff's Property").

3) Plaintiff alleges that it has expended considerable resources in the creation and commercial exploitation of Plaintiff's Property on merchandise and in the enforcement of its intellectual property rights in Plaintiff's Property.

4) Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Property or substantially similar likenesses thereof. Defendant has denied any infringing activity but nevertheless has consented to this consent decree for purposes of amicably resolving the matter.

5) Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of the injunction are hereby restrained and enjoined from:

   a) Infringing Plaintiff's Property, either directly or contributorily, in any manner, including, but not limited to manufacturing, importing, distributing, advertising, selling, offering for sale, any unauthorized product which features any of Plaintiff's Property ("Unauthorized Products"), and, specifically:

   i) Importing, manufacturing, distributing, advertising, selling, offering for sale, the Unauthorized Products or any other unauthorized

          products which bear a substantial similarity to any of Plaintiff's Property;

    ii) Importing, manufacturing, distributing, advertising, selling, offering for sale, renting or offering to rent any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to Plaintiff's Property;

    iii) Engaging in any conduct that tends falsely to represent , or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant itself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff; or

    iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, selling, offering for sale, or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

6) Each side shall bear its own fees and costs of suit.

7) This Consent Decree shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Decree against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Decree.

10)   Except as provided herein, all claims alleged in the Complaint as to Defendant are dismissed with prejudice.

Dated:  November 8, 2012

_____
Hon. Margaret M. Morrow
United States District Judge

Presented By:

J. Andrew Coombs, A Prof. Corp.

By: _____
     J. Andrew Coombs
     Annie S. Wang
Attorneys for Plaintiff Sanrio, Inc.

Buche & Associates, P.C.

By: _____
     John Karl Buche
     Lindsay D. Molnar
Attorneys for Defendant Jump For Fun, Inc. d/b/a Jump For Fun a/k/a Jump For Fun California

# EXHIBIT A

## SANRIO CO.'S COPYRIGHTED DESIGNS

| Copyright Registration | Title of Work (Character) | Type of Work |
|---|---|---|
| VA 130-420 | HELLO KITTY | Graphic Artwork |